IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| WILLIE TROTTER, | ) | CIVIL NO. 17-00016 SOM/KSC |
| | ) | |
| Plaintiff, | ) | ORDER GRANTING DEFENDANTS' |
| | ) | MOTION FOR JUDGMENT ON THE |
| vs. | ) | PLEADINGS; ORDER DENYING |
| | ) | PLAINTIFF'S MOTION FOR |
| STATE OF HAWAII; | ) | JUDGMENT ON THE PLEADINGS |
| HAWAII PAROLING AUTHORITY; | ) | |
| and HAWAII CRIMINAL JUSTICE | ) | |
| DATA CENTER, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**ORDER GRANTING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS;
ORDER DENYING PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS**

**I.      INTRODUCTION.**

In 1983, Plaintiff Willie Trotter was convicted in
Minnesota of Criminal Sexual Conduct in the Third Degree.  In
2000, he was living in Hawaii and was required to register as a
sex offender.  Trotter brings this action under 42 U.S.C. § 1983,
claiming that his federal due process rights were violated when
he was required to register as a sex offender.  Trotter, who is
proceeding *pro se*, seeks more than $12 million in damages and an
injunction prohibiting the State of Hawaii and its agencies from
requiring him to remain registered as a sex offender and
mandating that his name be removed from Hawaii's sex offender
database.

On December 19, 2017, Defendants filed a motion to
dismiss.  *See* ECF No. 23.  Trotter did not timely oppose that
motion, but later filed his own Motion for Judgment on the

Pleadings, which the court deems to also be his opposition to Defendants' motion. *See* ECF Nos. 26 and 27. The court grants Defendants' motion without a hearing pursuant to Local Rule 7.2(d). The court denies Trotter's motion.

## II.       BACKGROUND.

In 1983, Trotter was convicted in Minnesota of Criminal Sexual Conduct in the Third Degree. Section 609.344 (1982) of Minnesota Statutes prohibits sexual penetration by force or coercion. Trotter was sentenced to 32 months imprisonment. *See* Complaint, ECF No. 1, PageID # 3 ("In 1983 I was convicted of a sex offense in Minneapolis, Minn sentence to 32 month I served out my entire sentence."); *State v. Trotter*, 354 N.W.2d 539, 540 (1984) ("Appellant Willie Darrel Trotter was convicted of . . . criminal sexual conduct in the third degree . . . in violation of Minn. Stat. § . . . 609.344(c) . . . (1982) . . . . Appellant was sentenced to a prison term of 32 months."); *see also State v. Daby*, 359 N.W.2d 730, 732-33 (1984) (quoting section 609.344 (1982) of Minnesota Statutes as providing, "A person is guilty of criminal sexual conduct in the third degree . . . if he engages in sexual penetration with another person and . . . (t)he actor uses force or coercion to accomplish the penetration . . . .").

A violation of Minnesota's section 609.344 requires "intent to sexually penetrate." *State v. Wenthe*, 865 N.W.2d 293, 302 (Minn. 2015) ("Generally, criminal sexual conduct offenses

2

require only an intent to sexually penetrate, unless additional mens rea requirements are expressly provided."); *see also* 10 Minn. Prac., Jury Instr. Guides–Crim. CRIMJIG 12.21 (6th ed 2017) (Minnesota model criminal jury instruction for section 609.344 requiring intentional sexual penetration of victim).

On appeal, Minnesota's Court of Appeals determined that there was sufficient evidence to support Trotter's conviction. The court said that the jury could have reasonably concluded that Trotter was guilty because it was entitled to believe the victim's account of what happened and there was corroborating physical evidence. *Trotter*, 354 N.W.2d at 540–41.

Trotter alleges that he is not required to register as a sex offender in Minnesota. Complaint, ECF No. 1, PageID 3 ("I do not have to register in the state the offense occur."); ECF No. 1-4, PageID # 9 (nongovernmental website describing the Minnesota Sex Offender Registry as requiring registration of "sex offenders who are released, sentenced, or adjudicated delinquent on or after August 1, 1991"). Trotter's allegation appears consistent with Minnesota's registration law, which refers only to offenders released after the date Trotter would have completed his prison sentence. For example, in the bill enacting Minnesota's registration law, the Minnesota legislature expressly provided that its effective date was "August 1, 1991, and applies to offenders released from imprisonment on or after that date."

1991 Minn. ch. 285, § 13a.  The Court of Appeals of Minnesota has therefore stated, "The legislature provided that the [registration] statute applies to offenders released from prison August 1, 1991, regardless of the date of the offense." *State v. Manning*, 532 N.W.2d 244, 247 (1995).

In 1997, Trotter was convicted in Hawaii of a drug paraphernalia offense and sentenced to an open 5-year term of imprisonment. *See* Complaint, ECF No. 1, PageID # 3.  Trotter says that, in 2000 when he was paroled, he was forced to register as a sex offender pursuant to Chapter 846E of Hawaii Revised Statutes. *Id.*

Section 846E-2(a) of Hawaii Revised Statutes provides that, whenever a "covered offender" is a resident or remains in the state for more than ten days (or for  an aggregate period of more than 30 days in any one year), that "covered offender shall register with the attorney general and comply with the provisions of this chapter for life or for a shorter period of time as provided in this chapter."  In addition to registering with the attorney general, each "covered offender" must also register with the chief of police for the purpose of providing the "covered offender's" photograph, fingerprints, and registration information.  Haw. Rev. Stat. 846E-2(g).  Beginning on June 30, 2009, a "covered offender" was required to report in person to the chief of police every year, within a 30-day period following

the "covered offender's" birthday, to review the existing information in the registry and correct any information that was inaccurate and to allow for the taking of a new photograph of the "covered offender." *Id.* Trotter reported to the chief of police in September 2000. *See* ECF No. 1-7 (Trotter's Sept. 25, 2000, Sex Offender Registration); ECF No. 1-2 (letter indicating that Trotter registered with the Honolulu Police Department on September 25, 2000).

Chapter 846E defines "covered offender" as a "sex offender." Haw. Rev. Stat. § 846E-1. "Sex offender" is defined as including a "person who is or has been convicted *at any time* . . . of a 'sexual offense.'" *Id.* (emphasis added). "Sex offense" covers a number of sex crimes, including section 707-731(1)(a), which states: "A person commits the offense of sexual assault in the second degree if: (a) The person knowingly subjects another person to an act of sexual penetration by compulsion." *Id.* Chapter 846E also defines "sex offense" as including "[a] criminal offense that is comparable to or that exceeds a sexual offense defined in [section 707-731(1)(a)]." *Id.* "Sex offense" also includes out-of-state convictions "for any offense that under the laws of [Hawaii] would be a sexual offense," including under section 707-731(a).

Trotter was convicted in Minnesota of intentional sexual penetration by force or coercion, which is comparable to

and would be the sexual offense described in Hawaii's section 707-731(1)(a)--knowingly subjecting another person to sexual penetration by compulsion.  Trotter is therefore a "sex offender" or "covered offender" for purposes of Hawaii's Chapter 846E.

Section 846E-2(a) provides that a "covered offender shall be eligible to petition the court in a civil proceeding for an order that the covered offender's registration requirements under this chapter be terminated, as provided in section 846E-10."  Trotter says he was labeled as a Tier 3 offender.  *Id.* It appears that this determination was made pursuant to section 846E-10 of Hawaii Revised Statutes, which categorizes Tier 3 offenses as including "[a]ny criminal offense that is comparable to" a number of listed offenses, including that described in section 707-731(1)(a).  Tier 3 offenders must register for life, unless the requirement is terminated.  Haw. Rev. Stat. 846E-10(a).  Tier 3 offenders may not petition a court in a civil proceeding for termination of the registration requirements until "forty years after the covered offender's date of release or sentencing, whichever is later."  Haw. Rev. Stat. 846E-10(e).

Trotter complains that the Hawaii Paroling Authority and the Hawaii Criminal Justice Center, two official offices for the State of Hawaii, "did not comply with giving plaintiff due process hearing before placing plaintiff on the sex offender registration" in 2000.  ECF No. 1, PageID # 2.  Trotter claims

that Chapter 846E is inapplicable to out-of-state convictions and says that he was denied due process when he was not given a chance to raise this argument in a hearing before being forced to register as a sex offender in 2000 under Chapter 846E.  *Id.*, PageID # 3.

**III.     MOTION FOR JUDGMENT ON THE PLEADINGS STANDARD.**

Rule 12(c) states, "After the pleadings are closed--but early enough not to delay trial--a party may move for judgment on the pleadings."  The standard governing a Rule 12(c) motion for judgment on the pleadings is "functionally identical" to that governing a Rule 12(b)(6) motion.  *United States ex rel. Caffaso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 n.4 (9th Cir. 2011); *accord Pit River Tribe v. Bureau of Land Mgmt.*, 793 F.3d 1147, 1155 (9th Cir. 2015) ("Analysis under Rule 12(c) is 'substantially identical' to analysis under Rule 12(b)(6) because, under both rules, a court must determine whether the facts alleged in the complaint, taken as true, entitle the plaintiff to a legal remedy.").

For a Rule 12(c) motion, the allegations of the nonmoving party are accepted as true, while the allegations of the moving party that have been denied are assumed to be false.  *See Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1550 (9th Cir. 1989).  A court evaluating a Rule 12(c) motion must construe factual allegations in a complaint in the light

most favorable to the nonmoving party.  *Fleming v. Pickard*, 581

F.3d 922, 925 (9ᵗʰ Cir. 2009).  Under Rule 12(c), "'Judgment on

the pleadings is properly granted when, accepting all factual

allegations as true, there is no material fact in dispute, and

the moving party is entitled to judgment as a matter of law.'"

*Chavez v. United States,* 683 F.3d 1102, 1108 (9ᵗʰ Cir. 2012)

(quoting *Fleming*, 581 F.3d at 925).

## IV.      THE ELEVENTH AMENDMENT BARS TROTTER'S CLAIMS.

Trotter sues Defendants under 42 U.S.C. § 1983.  *See*

Complaint, Sec. II, ECF No. 1, PageID # 2 ("I file in federal

court Under 42 U.S.C. 1983").  Section 1983 states:

> Every person who, under color of any statute,
> ordinance, regulation, custom, or usage, of
> any State . . . , subjects, or causes to be
> subjected, any citizen of the United States
> or other person within the jurisdiction
> thereof to the deprivation of any rights,
> privileges, or immunities secured by the
> Constitution and laws, shall be liable to the
> party injured in an action at law, suit in
> equity, or other proper proceeding for
> redress . . . .

Trotter alleges that the "Hawaii Paroling Authority and

the Hawaii Criminal Justice Center did not comply with giving

plaintiff due process hearing before placing plaintiff on the sex

offender registration."  *Id.*, Sec. II(A).  Trotter says he was

forced to register as a sex offender in Hawaii approximately 18

years ago, in 2000.  *Id.*, Sec. III, PageID # 3.  According to

Trotter, his status as a "Tier 3" offender means that he can

8

first petition Hawaii for relief from the registration requirements 40 years after his release from incarceration for his 1983 Minnesota conviction. *Id.* He says that, because he need not register as a sex offender in Minnesota, he should have been given a hearing before being required to register as a sex offender in Hawaii. *Id.; see also* Plaintiff Pro-Se Motion for Judgment on the Pleadings, ECF No. 26, PageID # 93 ("On January 12, 2017 plaintiff files U.S.C. 1983 complaint stating the defendants did not provide due process hearing before placing plaintiff on Hawaii sex offender registration violating his constitutinal [sic] rights . . . ."). Trotter seeks more than $12 million in damages and an injunction prohibiting the State of Hawaii and its agencies from requiring him to remain registered as a sex offender and mandating that his name be removed from Hawaii's sex offender database.

Trotter and Defendants have filed competing motions for judgment on the pleadings with respect to the single § 1983 claim asserted in the Complaint. Under the circumstances presented here, the court rules that the Eleventh Amendment bars Trotter's claim.

The Eleventh Amendment bars actions against states, state agencies, or departments of a state unless a state waives sovereign immunity or Congress exercises its power to override the immunity. *Bd. of Trs. of the Univ. of Alabama v. Garrett*,

531 U.S. 356, 363 (2001); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984).

The Eleventh Amendment, however, does not prevent plaintiffs from proceeding against individual defendants in their official capacities for prospective injunctive relief based on alleged violations of federal law. *Ariz. Students' Ass'n v. Ariz. Bd. of Regents*, 824 F.3d 858, 865 (9th Cir. 2016) ("Although sovereign immunity bars money damages and other retrospective relief against a state or instrumentality of a state, it does not bar claims seeking prospective injunctive relief against state officials to remedy a state's ongoing violation of federal law."); *Agua Caliente Band of Cahuilla Indians v. Hardin*, 223 F.3d 1041, 1045 (9th Cir. 2000) ("courts have recognized an exception to the Eleventh Amendment bar for suits for prospective declaratory and injunctive relief against state officers, sued in their official capacities, to enjoin an alleged ongoing violation of federal law").

This exception is rooted in the case of *Ex parte Young*, 209 U.S. 123, 159-60 (1908), in which the Supreme Court explained:

> If the act which the state attorney general seeks to enforce be a violation of the Federal Constitution, the officer, in proceeding under such enactment, comes into conflict with the superior authority of that Constitution, and he is in that case stripped of his official or representative character and is subjected in his person to the

> consequences of his individual conduct.  The
> state has no power to impart to him any
> immunity from responsibility to the supreme
> authority of the United States.

Thus, "a state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because 'official-capacity actions for prospective relief are not treated as actions against the state.'"  *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 n.10 (1989) (*quoting Kennedy v. Graham*, 473 U.S. 159, 167 n.14 (1985)).

Prospective injunctive relief claims allowed by *Ex Parte Young* do not include those asserted under state law.  *See Pennhurst*, 465 U.S. at 106 (stating that "when a plaintiff alleges that a state official has violated *state* law," then "the entire basis for the doctrine of *Young* . . . disappears"); *Pena v. Gardner*, 976 F.2d 469, 473 (9th Cir. 1992) ("the eleventh amendment bars suits in federal court, for both retrospective and prospective relief, brought against state officials acting in their official capacities alleging a violation of state law"). Nor do they include claims asserted against a state or a state agency, as opposed to against a state official.  *See In Re Pegasus Gold Corp.*, 394 F.3d 1189, 1195 (9th Cir. 2005) (stating that "agencies of the state are immune from private damage actions or suits for injunctive relief brought in federal court"); *Apisaloma v Hawaii*, 2009 WL 294551, *1 n.2 (D. Haw.,

Feb. 5, 2009) (noting that the *Ex Parte Young* exception is inapplicable in suits against states or state agencies).

### A. Judgment on the Pleadings is Granted in Favor of Defendant State of Hawaii.

There is no question that Defendant State of Hawaii has Eleventh Amendment immunity with respect to Trotter's § 1983 claim seeking money damages. *See, e.g.*, *Price v. Hawaii*, 764 F.2d 623, 629 (9th Cir. 1985) (dismissing claims based on Hawaii's sovereign immunity); *Young v. Haw.*, 911 F. Supp. 2d 972, 982 (D. Haw. 2012) (noting that Hawaii has not waived its sovereign immunity and that Congress did not abrogate that immunity with respect to § 1983 claims, and barring money damage claims under § 1983 because of Hawaii's Eleventh Amendment immunity). Nor does the *Ex Parte Young* doctrine allow prospective injunctive relief for a § 1983 claim against the State of Hawaii. *See Pegasus Gold Corp.*, 394 F.3d at 1195; *Apisaloma*, 2009 WL 294551, at *1 n.2. The court therefore grants judgment on the pleadings in favor of Defendant State of Hawaii with respect to Trotter's § 1983 claim for money damages and for prospective injunctive relief.

**B.    Judgment on the Pleadings is Granted in Favor of Defendant Hawaii Paroling Authority.**

This court next turns to whether the Hawaii Paroling Authority is an agency or instrumentality of the State of Hawaii such that it also has Eleventh Amendment immunity with respect to Trotter's § 1983 claim.  To determine whether an entity is an "arm of the state" such that it is immune from certain suits under the Eleventh Amendment, this court analyzes a number of factors identified by the Ninth Circuit.  The most important factor concerns "whether the named defendant has such independent status that a judgment against the defendant would not impact the state treasury."  *Jackson v. Hayakawa*, 682 F.2d 1344, 1350 (9th Cir. 1982).  Other factors include performance by the entity of an essential government function, its ability to sue or be sued, its power to take property in its own name or in the name of the state, and its corporate status.  *Id.*; *see also Sato v. Orange Cty. Dep't of Educ.*, 861 F.3d 923, 928 (9th Cir. 2017).

It is not clear from the record whether a judgment against the Hawaii Paroling Authority would be paid from Hawaii's treasury.  The court nevertheless rules that the Hawaii Paroling Authority has Eleventh Amendment immunity with respect to Trotter's § 1983 claim.

Section 26-14.6(c) places the Hawaii Paroling Authority within the State of Hawaii's Department of Public Safety ("DPS") for administrative purposes.  The Hawaii Paroling Authority has

13

broad statutory discretion to determine whether an inmate should be granted or denied parole. *Turner v. Haw. Paroling Auth.*, 93 Haw. 298, 302, 1 P.3d 768, 772 (Ct. App. 2000); Haw. Rev. Stat. § 353-62(a)(1) (Hawaii Paroling Authority "[s]erve[s] as the central paroling authority for the State").

Trotter does not challenge the Hawaii Paroling Authority's contention that it is an "arm of the state" for Eleventh Amendment purposes. The Hawaii Paroling Authority is part of DPS, a state department that has sovereign immunity with respect to money damage claims. *See Blaisdell v. Haw. Dep't of Pub. Safety*, 2012 WL 5880685, at *3 (D. Haw. Nov. 21, 2012) (dismissing § 1983 claim), *vacated in part on other grounds*, 621 F. App'x 414 (9th Cir. 2015) ("The district court properly dismissed Blaisdell's action against the Hawaii Department of Public Safety because it is barred by the Eleventh Amendment."); *accord Kaimi v. Haw., Dep't of Pub. Safety*, 2013 WL 5597053, at *3 (D. Haw. Oct. 11, 2013) (ruling that DPS has Eleventh Amendment immunity with respect to § 1983 claims). Moreover, the Hawaii Paroling Authority performs an obviously essential government function. This court therefore rules that the Hawaii Paroling Authority is an agency or instrumentality of Hawaii for purposes of Eleventh Amendment immunity, meaning that the Hawaii Paroling Authority is immune with respect to Trotter's money damage claims under § 1983. For the same reasons, this court

rules that the *Ex Parte Young* doctrine is inapplicable to
Defendant Hawaii Paroling Authority.  *See Pegasus Gold Corp.*, 394
F.3d at 1195; *Apisaloma*, 2009 WL 294551, at *1 n.2.

The court therefore grants the Hawaii Paroling
Authority judgment on the pleadings with respect to Trotter's
§ 1983 claim for money damages and for prospective injunctive
relief.

**C.    Judgment on the Pleadings is Granted in Favor of
Defendant Hawaii Criminal Justice Data Center.**

The Hawaii Criminal Justice Data Center is part of
Hawaii's Department of the Attorney General.  Haw. Rev. Stat.
§ 846-2.  It is responsible for administering Hawaii's sex
offender registration system.  *Doe v. Dep't of Attorney Gen.*, 135
Haw. 390, 391, 351 P.3d 1156, 1157 (2015) ("HCJDC is an agency of
the Department of the Attorney General in the State of Hawai'i,
which administers the State's sex offender registration system."
(quotation marks and citation omitted)); *Haw. v. Bani*, 97 Haw.
285, 290, 36 P.3d 1255, 1260 (2001) ("The Hawai'i Criminal
Justice Data Center currently publishes collected information
about registered sex offenders on the official website of the
State of Hawai'i, making it readily accessible to persons
throughout the world.").

Another judge in this court has held that Hawaii's
Department of the Attorney General is entitled to Eleventh
Amendment immunity.  *See Gao v. Haw. Dep't of Attorney Gen.*, 2009

WL 2849140, at *6 (D. Haw. Sept. 2, 2009). No facts are before this court demonstrating that the Hawaii Criminal Justice Data Center, an agency within Hawaii's Department of the Attorney General, should be treated any differently than the department. Nor has Trotter articulated any opposition to treating the Hawaii Criminal Justice Data Center as an agency or instrumentality of Hawaii. Accordingly, this court rules that the Hawaii Criminal Justice Data Center has Eleventh Amendment immunity with respect to Trotter's § 1983 claim.

The court here grants the Hawaii Criminal Justice Data Center judgment on the pleadings with respect to Trotter's § 1983 claim for money damages and for prospective injunctive relief.

## V. THE COURT DECLINES TO ALLOW TROTTER TO FILE AN AMENDED COMPLAINT.

This court would normally give a *pro se* plaintiff such as Trotter leave to file an Amended Complaint. However, the court declines to allow the filing of such an Amended Complaint in this case because it would be futile. *See Yagman v. Garcetti*, 852 F.3d 859, 863 (9th Cir. 2017) ("'In dismissing for failure to state a claim, a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not be cured by the allegation of other facts.'" (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)); *Sharkey v. O'Neal*, 778 F.3d 767, 774 (9th Cir. 2015) ("dismissal with prejudice constitutes an abuse of

discretion where the district court fails to make a determination that the pleading *could not possibly* be cured by the allegation of other facts" (quotation marks and citation omitted)).

For the reasons set forth in this order, Hawaii and its agencies or instrumentalities have Eleventh Amendment immunity with respect to § 1983 claims.  Moreover, they are not "persons" for purposes of § 1983.  *See Will*, 491 U.S. at 66 ("a State is not a 'person' within the meaning of § 1983"); *Pauline v. Haw. Dep't of Pub. Safety*, 773 F. Supp. 2d 914, 922 (D. Haw. 2011) (ruling that the Department of Public Safety, the agency that the Hawaii Paroling Authority is a part of, is not a "person" for purposes of § 1983).

Although Trotter cannot assert § 1983 claims against Hawaii or one of its agencies or instrumentalities, he could conceivably amend his Complaint to assert § 1983 claims against a non-state actor, such as the Chief of Police for the Honolulu Police Department, or an individual state official named in an official capacity for prospective injunctive relief or in an individual capacity for monetary damages.  However, any such amendment would also be futile.  The thrust of Trotter's § 1983 claim is that he was denied due process in violation of the federal Constitution when he was required to register as a sex offender in Hawaii in 2000.  Such an amended claim would be precluded by the applicable two-year limitations period.  *See*

*Owens v. Okure*, 488 U.S. 235, 240-41 (1989) ("Because § 1983 claims are best characterized as personal injury actions, we held that a State's personal injury statute of limitations should be applied to all § 1983 claims." (quotation marks and citation omitted)); *Gregg v. Haw., Dep't of Pub. Safety*, 870 F.3d 883, 887 (9th Cir. 2017) (applying two-year statute of limitations to § 1983 claim asserted in Hawaii federal court); *Andrade v. Darren Cho*, 2017 WL 2974926, at *5 (D. Haw. July 12, 2017) ("Section 1983 claims are subject to the two-year statute of limitations applicable to personal injuries set forth in HRS § 657-7.").

While a time bar is normally addressed as an affirmative defense that a defendant has the burden of proving, a district court does not abuse its discretion when it denies leave to file an amended claim barred by a statute of limitations under circumstances similar to those before this court. In *Naas v. Stolman*, 130 F.3d 892 (9th Cir. 1997), for example, the Ninth Circuit affirmed a district court's dismissal of a claim with prejudice based on the applicable statute of limitations. The Ninth Circuit then ruled that the district court did not abuse its discretion in denying leave to amend a complaint to add a potential claim that would still be barred by the statute of limitations. *Id.* at 892-93. Here, the limitations issue was fully briefed. Although this court grants Defendants judgment on the pleadings on Eleventh Amendment immunity grounds, Trotter's

§ 1983 claim unquestionably would have been time-barred, as argued by Defendants. *See* ECF No. 23-1, PageID #s 84-85. Trotter alleges that he did not receive a hearing prior to being required to register as a sex offender in Hawaii in 2000. This claim is certainly older than two years and Trotter made no argument that the limitations period should be equitably tolled. Assuming that Trotter would want to name state officials with respect to a § 1983 claim based on the same facts, it is clear that Defendants' counsel, who would likely represent such state officials, would again raise the statute of limitations defense. Allowing such an amended claim would therefore be futile.

Moreover, any attempt to amend the Complaint to assert a viable due process claim, including any attempt to assert a continuing violation to which the limitations period might not pose a bar, would also fail. That is because, under Ninth Circuit precedent, there is no fundamental right at issue, regardless of whether the conduct complained of continues.

In *United States v. Juvenile Male*, 670 F.3d 999, 1012 (9th Cir. 2012), the Ninth Circuit rejected a substantive due process claim under the federal Constitution based on the federal sex offender registry law, reasoning that it did not implicate a fundamental right. Absent an effect on a fundamental right, the law was not subject to strict scrutiny review. Instead, the court examined whether the law was reasonably related to a

19

legitimate state interest.  The Ninth Circuit determined that sex offender registry laws advance "a legitimate nonpunitive purpose of public safety" by "alerting the public to the risk of sex offenders in the community."  *Id.*

The Ninth Circuit's reasoning compels the conclusion that Hawaii's sex offender law does not involve a fundamental right and serves the legitimate nonpunitive purpose of notifying the public of the risk of sex offenders in the community.  Accordingly, no valid substantive due process claim under the federal Due Process Clause could be asserted by Trotter based on Hawaii's requirement that he register as a sex offender in Hawaii.

*Juvenile Male* is also dispositive of any potential federal procedural due process claim that could be asserted by Trotter.  Procedural due process claims require courts to conduct a two-step analysis.  In step one, the court determines whether there is a liberty or property interest that has been interfered with by the state.  In step two, the court examines "whether the procedures attendant upon that deprivation were constitutionally sufficient."  *Id.* at 1013.  Here, no property interest is implicated by Hawaii's sex offender registry laws.  Moreover, the Ninth Circuit noted in *Juvenile Male* that "adverse publicity or harm to the reputation of sex offenders does not implicate a

liberty interest for the purposes of due process analysis." *Id.*
(citing *Conn. Dep't of Pub. Safety v. Doe*, 538 U.S. 1, 7 (2003)).

Even if Trotter could identify some liberty interest
that might be implicated by Hawaii's sex offender registration
laws, Trotter's federal procedural due process claim would be
precluded by *Juvenile Male*, which noted that, with respect to the
second step, additional process is necessary only when "it gives
a sex offender the ability to prove or disprove facts related to
the applicability of the registration requirement." *Juvenile
Male*, 670 F.3d at 1014.  Trotter seeks a hearing to challenge the
applicability of Hawaii's registration laws to him.  Trotter also
argues that he did not receive a hearing in which he could argue
that "Hawaii 846-E does not cover out of state sex conviction."
Complaint, Sec. III, ECF No. 1, PageID # 3.  Trotter argues that
he need not register in Hawaii because he is not required to
register in Minnesota, the state in which he committed the sexual
assault.  *Id.*

But Hawaii's sex offender registry laws do not turn on
whether Trotter's sexual assault occurred in Hawaii or whether
Trotter is required to register as a sex offender in Minnesota.
Instead, under section 846E-2, a "covered offender" must
register.  Whether Trotter is a "covered offender" turns on
whether he is a "sex offender," defined as a "person who is or
has been convicted *at any time* . . . of a 'sexual offense.'"

21

Haw. Rev. Stat. § 846E-1 (emphasis added). A "sexual offense" includes an out-of-state conviction for an offense that would be or is comparable to numerous sexual offenses under Hawaii law, including a violation of section 707-731(a). *Id.*

Trotter was convicted in Minnesota of intentional sexual penetration by force or coercion. The sexual offense described in Hawaii's section 707-731(1)(a) is knowingly subjecting another person to sexual penetration by compulsion. Trotter's Minnesota conviction makes him a "sex offender" or "covered offender" for purposes of Chapter 846E. Trotter's status as a "sex offender" turns on his conviction alone. A hearing, challenge, or additional due process was not necessary because Trotter had already had a procedurally safeguarded opportunity to contest his conviction through Minnesota's courts. *See Juvenile Male*, 670 F.3d at 1014.

Because Trotter could not amend his Complaint to assert a viable claim based on the requirement that he register as a sex offender, the court declines to grant him leave to do so.

IV.    **CONCLUSION.**

Defendants' motion for judgment on the pleadings is granted. Trotter's motion for judgment on the pleadings is denied. The court declines to allow Trotter to file an amended complaint, as any such amended pleading would be futile. The

Clerk of Court is directed to enter judgment in favor of Defendants and to close this case.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, February 15, 2018.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

*Trotter v. State of Hawaii, et al.*, Civ. No. 17-00016 SOM/KSC; ORDER GRANTING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS; ORDER DENYING PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS